UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREDERICK BANKS,

    Plaintiff,

v.

MIKE POMPEO, et al.,

    Defendant.

CASE NO. 3:17-cv-05669-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: November 3, 2017

Plaintiff Frederick Banks, allegedly representing the Estate of Kurt Cobain, filed the current action seeking a disclosure of Foreign Intelligence Surveillance Act ("FISA") surveillance pursuant to 50 U.S.C. § 1806. However, none of the named Defendants reside in the Western District of Washington and Plaintiff has not alleged any wrongdoing in the Western District of Washington. Therefore, the Court recommends the action be dismissed for improper venue.

**BACKGROUND**

Plaintiff is currently incarcerated in the Northeast Ohio Correctional Center. Dkt. 1-6. He has filed a Motion to Proceed *In Forma Pauperis*, a Motion for Appointment of Counsel, and a

| 1  | Motion to Disclose Electronic Surveillance. Dkt. 1. He claims to be filing the suit on behalf of
| 2  | the Estate of Kurt Cobain. Dkt. 1-1 at 1. He names as Defendants Mike Pompeo in his capacity
| 3  | as director of the Central Intelligence Agency, as well as the directors of the Federal Bureau of
| 4  | Investigation, the Department of Homeland Security, those agencies themselves, and the United
| 5  | States. *Id*. He alleges that Cobain was placed under illegal electronic surveillance by Defendants
| 6  | and, pursuant to FISA , requests copies of all electronic surveillance, transcripts, testimony, and
| 7  | other materials gained from the alleged illegal surveillance of Cobain. *Id*. at 1-3.

## DISCUSSION

Plaintiff names numerous heads of federal agencies and the United States itself as Defendants in this action, but no Defendants reside in the State of Washington. Venue may be raised by the Court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Here, Plaintiff has made no allegations to demonstrate venue is appropriate. Plaintiff has named the directors of various federal agencies as Defendants. None of the Defendants reside in the Western District of Washington. Plaintiff has also not shown that any of the alleged wrongdoing occurred in the Western District of Washington. Because of this, the Western

District of Washington is not the appropriate venue to bring this suit. Further, the Court has reviewed the Complaint and finds Plaintiff has not alleged sufficient facts to state a claim. Therefore, the Court finds the interests of justice do not require that the case be transferred to a more appropriate district. The Court recommends that the action be dismissed.

**CONCLUSIONS**

The Court finds that venue is improper in this action and the interests of justice do not require transferring the case. Therefore, the Court recommends that the action be dismissed and all outstanding motions be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 3, 2017, as noted in the caption.

Dated this 19th day of October, 2017.

David W. Christel
United States Magistrate Judge